**Jacqueline ALLEN, Creditor/Plaintiff in Bankruptcy Court, Appellant,**

v.

**Christopher Lynn ALLEN, Debtor/Defendant in Bankruptcy Court, Appellee.**

Nos. 00–35528, 00–35529.

D.C. Nos. CV–99–00163–JDS, CV–99–00166–JDS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2001.*

Decided Jan. 11, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, GRABER, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Jacqueline Allen appeals from the district court's affirmation of a bankruptcy court order granting Christopher Allen's objections to Jacqueline's proofs of claims 6, 8, 10, and 12; approving Christopher's Chapter 13 Plan ("the Plan"); and denying Jacqueline relief from the automatic stay. The bankruptcy court's refusal to lift the stay is the subject of an opinion filed separately. With regard to the remaining issues we affirm.

Because the parties are familiar with the facts and procedural history, we will not repeat them here. We first address the bankruptcy court's decision to grant Christopher's objections to Jacqueline's proofs of claims 6, 8, 10, and 12. In her proof of claim 6, Jacqueline asserted that Christopher was indebted to her for more than $3 million in damages resulting from an alleged assault by Christopher. The $3 million figure contained a priority component for approximately $280,000 in uninsured medical costs. *See* 11 U.S.C. § 507(a)(7). The dissolution decree does not encompass Jacqueline's medical expenses. In the absence of a court order, Jacqueline's medical expenses are not entitled to priority. *Id.* She cites no authority suggesting otherwise.

Jacqueline's proofs of claims 10 and 12 amend her proof of claim 8. Jacqueline seeks priority for unpaid alimony in the sum of $10,335.60 plus 35% of certain bonuses Christopher received from his employer. Under the dissolution decree, Jacqueline is entitled to 35% of Christopher's earnings above $156,000. The bankruptcy court found that Christopher was current in his payments and that in 1998 he earned less than $156,000. Jacqueline does not direct the court to anything in the record indicating that the bankruptcy court erred in its findings.

Next we turn to the bankruptcy court's approval of Christopher's Chapter 13 Plan. Jacqueline argues that the Plan fails to make any allowance for her personal injury claims against Christopher. This argument fails for the same reason that her arguments relating to proof of claim 6 cannot be sustained. At present, there is no liquidated debt or judgment relating to this claim.

Jacqueline contends that Christopher failed to satisfy 11 U.S.C. §§ 109(e) and 1325(b) by, respectively, not earning a regular income and refusing to commit all of his disposable income to the Plan. Jacqueline does not point to any evidence that was properly before the bankruptcy court indicating that Christopher did not earn a regular income or that the Plan did not account for all of Christopher's disposable income. To the extent that circumstances may have changed with regard to Christopher's employment or income since the Plan's confirmation, Jacqueline has an avenue to petition for the modification of the Plan. *See* 11 U.S.C. § 1329.

Jacqueline also argues that the Plan violates § 109(e)'s debt limitations. Because her priority claims were properly rejected, Christopher's debt is within the § 109(e) limits.

Finally, Jacqueline asserts that Christopher's abusive conduct toward her evinces his bad faith in proposing the Plan. As noted above, however, there has been no judicial determination with respect to Jacqueline's personal injury claim. Good faith is determined on the basis of the totality of the circumstances. *Goeb v. Heid (In re Goeb)*, 675 F.2d 1386, 1390–91 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1982). The bankruptcy court found that Christopher proposed his Plan in good faith because Christopher committed all of his projected disposable income to the Plan, sought to repay substantial tax claims, and sought to avoid litigation expense. The bankruptcy court's finding of good faith was not clearly erroneous.

AFFIRMED.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

